# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KATRINA C. WESLEY,**

       Plaintiff,

                               **Case No. 05-C-1162**

  v.

**PRESERVATION MANAGEMENT, INC.,
SHEILA MALYNOWSKI, and
BRIAN POULIN,**

       Defendants.

---

### ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE CASE
---

      Proceeding pro se, Katrina C. Wesley ("Wesley") filed a complaint against the defendants, who are alleged to own and manage the apartment building where Wesley resides. In addition, Wesley has filed an application to proceed in forma pauperis. Before the court can allow Wesley to proceed in forma pauperis, the court is obligated to determine that she is unable to pay the $250.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      In the present case, it is clear that the court lacks jurisdiction and cannot reach the merits of Wesley's in forma pauperis application. This is not the first time that Wesley has filed suit in this district without establishing federal jurisdiction. Wesley v. Frish, No. 04-C-304 (E.D. Wis., Apr. 12, 2004); Wesley v. Jones, No. 04-C-1243 (E.D. Wis., Jan. 6, 2005); Wesley v. Jones et.

al., No. 05-C-595 (E.D. Wis., July 18, 2005); see also Wesley v. Frish, No. 03-C-1480 (E.D. Wis., Apr. 12, 2004)(Magistrate Judge Goodstein Ltr., March 26, 2004)(explaining to Wesley that federal courts are courts of limited jurisdiction). In dismissing case number 04-C-1243, the Honorable Thomas J. Curran explained the limited jurisdiction of the federal courts and Wesley's duty to establish jurisdiction. Among else, Judge Curran stated that:

> Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. The plaintiff, who is seeking to invoke federal jurisdiction, has the burden of proving at the outset that the federal court has the authority to hear the case. Subject matter jurisdiction is a fundamental limitation on the power of a federal court to act.
>
> Every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. The court's obligation to determine whether it has subject matter jurisdiction was emphasized in Hay v. Indiana State Bd. of Tax Com'rs, 312 F.3d 876 (7th Cir. 2002). In that case, the court stated: 'Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed.' The court stated that 'not only may the federal courts police subject matter jurisdiction sua sponte, they must.'

(Order at 1-3)(internal citations omitted).

As the cited portion of Judge Curran's decision and order makes clear, the court **cannot, under any circumstances,** consider the merits of a complaint that is filed without the plaintiff first establishing jurisdiction. For the court to have subject matter jurisdiction, the plaintiff must establish that his or her action involves (1) a federal question or (2) that there is a diversity of citizenship. In the present case, Wesley alleges that the defendants violated her right to the quiet enjoyment of her home, as set forth under Wisconsin law. This does not state a federal cause of action. In addition, even if the parties' residency was assumed from the addresses listed on Wesley's complaint, such that Wesley is a Wisconsin citizen and the defendants are citizens of Maine, this court cannot exercise diversity jurisdiction because Wesley's alleged damages do not exceed $75,000. See 28 U.S.C. § 1332(a).

Wesley has been informed numerous times that she cannot obtain the relief she seeks in federal court. Apparently, the prior admonitions have fallen on deaf ears. Regardless, the court lacks jurisdiction, and this case will be dismissed.

**IT IS THEREFORE ORDERED** that this case is hereby **dismissed.**

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2006.

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge
